UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAYLYN PARKER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:24-CV-882-JVB-AZ |
| ) | |
| SMILEY, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

Jaylyn Parker, a prisoner without a lawyer, initially filed a complaint against six defendants [DE 2]. Before that complaint could be screened, he filed a motion to amend his complaint along with a proposed amended complaint [DE 7]. At this stage of the case, Parker does not need leave to amend. Therefore, the motion will be granted, and the amended complaint will be screened.[1]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Parker's amended complaint names 90 separate defendants. The body of the proposed amended complaint is just over two pages, and it does not identify any named defendant other than a single reference to writing to the governor. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only

---

[1] "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Parker's assertions of alleged wrongdoing are far too vague to state a claim. He provides no specifics regarding any defendant's wrongful conduct.

Parker discusses a settlement agreement in another federal case that he believes was violated. To the extent that he may be seeking to enforce an existing settlement agreement, in the absence of diversity jurisdiction, this court does not have jurisdiction to enforce the settlement agreement.[2] *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002); *See also White v. Adams*, 2009 WL 773877, *1 (7th Cir. 2009)("When a case settles, a district court typically dismisses the suit with prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction, such as diversity.")

To the extent that Parker is attempting to relitigate claims already decided; that is not possible. The federal judge dismissing his previous case made clear in its July 7, 2023, order, that the case had been dismissed with prejudice and could not be relitigated. *Parker v. Roberts*, 1:20-CV-341-MPB-MKK ("The Court issues this Order to reiterate that the lawsuit has been dismissed with prejudice. This means that Mr. Parker has agreed to dismiss the lawsuit as part of the settlement agreement and may not refile his claims.").

There are additional shortcomings. Parker is suing about things dating back to 2019, but Indiana's two-year statute of limitations applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that

---

[2] Parker has not alleged facts suggesting diversity jurisdiction could exist in this case.

2

the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009). On its face, many of Parker's claims appear time barred.

Parker also appears to be bringing unrelated claims in a single lawsuit. He is suing about things that happened at both Plainfield Correctional Facility and Westville Correctional Facility. He may not sue different defendants based on unrelated events in a single lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Because Parker has not provided sufficient details regarding his allegations, the Court cannot determine which potential claims may be sufficiently related to be litigated in the same action. However, he will not be permitted to proceed against defendants who allegedly engaged in wrongdoing when he was at Plainfield Correctional Facility and different defendants who allegedly engaged in wrongdoing when he was at Westville Correctional Facility in a single lawsuit. The sheer number of defendants he has listed raises serious concerns regarding the relatedness of his claims.

The amended complaint is short on facts, dates, and specifics about Parker's claims. Based on what it does say, it is not plausible to infer that his constitutional rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint does not state a claim for which relief can be granted. If Parker believes he can state a claim based on (and consistent with) the events described in this complaint, he may file another amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." Parker is cautioned that he should not seek to enforce a settlement agreement stemming from a case litigated in the United States District Court for the Southern District of Indiana in this case unless he can allege facts showing complete diversity of citizenship between himself and all defendants. He is further cautioned that he should only bring timely claims. Additionally, he must limit his timely claims by picking one claim or a single group of related claims, as described above. Once he has properly completed the form, he should send it to the Court.

Parker has also filed several motions. He filed a Motion Request for a Just & Righteous Prayer of Relief [DE 8]; Motion for a Civil Granting Under the Jurisdictional Limits & Statutory Standards Constitutionality [DE 9]; and Motion for the Issuance of a Subpoena to Obtain &

4

Produce Documents or Objects that Contain Info [DE 10]. These motions are both unclear and premature, and they will therefore be denied.

For these reasons, the Court:

(1) **GRANTS** Jaylyn Parker's Motion to Amend [DE 7] and **DIRECTS** the Clerk of the Court to separately docket Parker's proposed amended complaint;

(2) **DENIES** Jaylyn Parker's Motion Request for a Just & Righteous Prayer of Relief [DE 8];

(3) **DENIES** Jaylyn Parker's Motion for a Civil Granting Under the Jurisdictional Limits & Statutory Standards Constitutionality [DE 9];

(4) **DENIES** Jaylyn Parker's Motion for the Issuance of a Subpoena to Obtain & Produce Documents or Objects that Contain Info [DE 10];

(5) **GRANTS** Jaylyn Parker until **April 11, 2025**, to file an amended complaint addressing each of the deficiencies pointed out in this order; and

(6) **CAUTIONS** Jaylyn Parker that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 13, 2025.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

5