UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAYLYN PARKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-882-PPS-AZ |
| SMILEY, et al., | |
| Defendants. | |

OPINION AND ORDER

A few months ago, Jaylyn Parker, a prisoner without a lawyer, filed an amended complaint naming 90 defendants without explaining how any of the defendants were personally involved in violating any of his constitutional rights. ECF 13; ECF 14. Parker may have wanted to relitigate issues that had already been decided; but he was previously warned that this isn't allowed. ECF 13 at 2. He was also warned that, to the extent that he was seeking to enforce an existing settlement agreement between himself and one or more of the ninety defendants, in the absence of diversity jurisdiction, this court did not have jurisdiction to enforce the settlement agreement. *Id.* at 2 (citing *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) and *White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009)). He was cautioned that he appeared to be raising claims that fell outside the statute of limitations. *Id.* He was cautioned against bringing unrelated claims in a single lawsuit. *Id.* at 3. And he was warned that his amended complaint did not permit a plausible inference that any of his Constitutional rights had been violated because it was short on facts, dates, and

specifics about what happened and why he is suing these defendants. *Id.* In the interests of justice, Parker was allowed to amend his complaint, but he was instructed as follows:

> Parker is cautioned that he should not seek to enforce a settlement agreement stemming from a case litigated in the United States District Court for the Southern District of Indiana in this case unless he can allege facts showing complete diversity of citizenship between himself and all defendants. He is further cautioned that he should only bring timely claims. Additionally, he must limit his timely claims by picking one claim or a single group of related claims, as described above.

*Id.* at 4.

When the Honorable Joseph S. Van Bokkelen assumed inactive status, this case was assigned to me. ECF 15. Parker then sought an "Emergency Preliminary Declaratory Injunction Relief." ECF 23. I denied this because Parker had not yet filed an amended complaint. ECF 25. I also noted that the relief Parker sought – release from incarceration – was a not a remedy available in a civil rights lawsuit. *Id.* I explained that this is because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Then matters went a little sideways: Parker filed an unsigned letter advising the clerk to be careful when opening his mail because he included a razor blade in one of three envelopes sent to the court. ECF 27. Noting that Parker's actions put the individuals responsible for opening the court's mail in danger, Parker was ordered not include razors or any other hazardous materials in mail sent to the court. ECF 28.

Parker then sent four separate envelopes containing pieces of an amended complaint naming an astounding 146 defendants. ECF 32. Parker also filed a frivolous motion asking me to recuse from this case because I ruled against him when I denied

2

his emergency motion seeking preliminary injunctive relief. ECF 43. I denied the motion. ECF 49. And as he previously warned, Parker included a razor blade in the envelope containing the motion. Then a second envelope arrived with a note written on it that the contents contained biohazardous materials and referencing feces. ECF 47. And indeed, inside the envelope, there was a plastic bag that appears to contain feces. *Id.*

Before I had a chance to review the new amended complaint that was received in multiple envelopes, Parker filed yet another amended complaint, titled as a "Joint Contract / Amended Complaint." ECF 50. He also filed a "Motion for an Emergency Mandatory Preliminary Declaratory Injunctive Relief." ECF 53. This amended complaint upped the ante: he's now suing 148 defendants. Parker's disturbing (and disgusting) actions are probably enough to simply dismiss this case with prejudice as a sanction. But I will nevertheless consider the merits.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Parker's amended complaint doesn't solve the problems pointed out to him in response to his earlier complaint naming 90 defendants. Instead, he doubles down

3

making the new version of the complaint even more problematic than the earlier version. For starters, on page one of his complaint, Parker names four federal cause numbers as defendants, referring to them as joint or illegal contracts. Federal cases are not contracts. They are also not entities that can be sued. And, as was explained previously, to the extent he is trying to enforce an agreement arising from one of these cases, this court does not have jurisdiction to resolve that dispute *unless* there is complete diversity of citizenship between Parker and all defendants. That means that *not one single defendant* can be a citizen of the same state as Parker. He has not alleged facts from which it can be inferred that there is complete diversity of citizenship between Parker and the 148 defendants named in this action. Therefore, he has not shown that I have jurisdiction to hear any breach of contract claim he may have. Furthermore, he has not explained what contract existed, who breached it, or how it was breached in a cogent manner.

He may be attempting to have the judgments in the cases he lists overturned, but a new civil rights case is not the correct procedure for overturning a judgment in a prior case. That could be accomplished by filing a timely appeal in those cases or filing a motion to set aside the judgment in those cases. Furthermore, Parker can't relitigate issues that have already been resolved in another case here. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*,

486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Parker again includes allegations dated back to 2019 in his amended complaint. ECF 50 at 1. In Indiana, a two-year statute of limitations applies to Parker's claims, which are brought pursuant to 42 U.S.C. § 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983.").

Parker also continues to include events that occurred at multiple IDOC facilities. Additionally, he is suing about many seemingly unrelated things: lack of access to a tablet, lack of access to the law library, assaults and rape, inadequate medical care, problems with educational credits and time cuts, false conduct reports, trouble accessing the grievance system, problems receiving a diet consistent with his religion, and so on. As already explained (ECF 13 at 3), "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

Worse yet, despite being previously warned about this issue, Parker's allegations are impermissibly vague. His amended complaint, with rare exception, does not include dates for the various wrongs he alleges occurred, and he does not provide specifics about what the defendants he is suing actually did. By way of example, he states that

5

Mr. Callahan "Destroyed Ever [sic] chance To Gain Justice for the Assault I was subjected to & Any chance of an Early Release & or Opportunity for Freedom." ECF 50 at 12. Similarly, he alleges that Jason Smiley and Kenneth Gann "allowed WCC/WCU staff to torture me in retaliation for exhausting my administrative remedies." *Id.* at 13. His complaint goes on in this manner describing how various individuals wronged him with a sentence or two until the twenty-third page, where he indicates that he could continue, but he does not have enough paper. *Id.* at 23.

The amended complaint, like Parker's earlier complaint, is short on facts, dates, and specifics about Parker's claims. Based on what it does say, it is not plausible to infer that his constitutional rights were violated. "[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . [W]hen considering the viability of a claim … we may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (internal quotations marks and citations omitted).

It was previously explained to Parker that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court also explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

6

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Parker's complaint is woefully inadequate because conclusory allegations – no matter how numerous – do not state a claim.

Because the amended complaint does not state a claim, the motion for a preliminary injunction (ECF 53) must also be denied. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the amended complaint doesn't state a claim, Parker cannot demonstrate a reasonable likelihood of success on the merits.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

7

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, Parker did not make any effort to amend his complaint in a manner that comports with the directions provided in the court's earlier screening order. Parker was warned that his case would be dismissed if he did not file a complaint that stated a claim. When Parker was told his complaint suffered numerous specific shortcomings, including unrelated claims against a staggering 90 defendants, Parker doubled down and added 58 additional defendants. But Parker has still failed to specifically explain what each of these 148 defendants actually did to him. I have no reason to believe that allowing Parker to amend again would result in a different outcome.

For these reasons, the court:

(1) DENIES Jaylyn Parker's "Motion for an Emergency Mandatory Preliminary Declaratory Injunctive Relief" (ECF 53); and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint (ECF 50) fails to state a claim.

SO ORDERED.

ENTERED:  July 11, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT